L. S. HUNTLEY & SON v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Railroads:** INJURY TO STOCK IN TRANSIT: DAMAGES: EVIDENCE. In
1   an action for the value of an animal fatally injured while in transit the evidence is held to support a verdict of $400.

**New trial:** MISCONDUCT OF JUROR. Repetition to the jury during
2   their deliberations of matters which a juryman had testified to in his examination on *voir dire*, concerning his own difficulty with the defendant which had been satisfactorily settled, and in stating to them other acts of the defendant with which he found no fault, is held insufficient to justify setting aside the verdict.

**Cost of additional abstract:** TAXATION. On affirmance of a judg-
3   ment the appellant will not be taxed with the cost of printing the appellees entire abstract, consisting almost wholly of testimony in the form of questions and answers, for which there was no justification.

*Appeal from Lucas District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, JUNE 2, 1909.

ACTION to recover the value of a bull alleged to have

been fatally injured by the negligence of the defendant
in switching cars at Chariton, Iowa.    There was a ver-
dict and judgment for the plaintiffs, from which the de-
fendant appeals.—*Affirmed*.

*Stuart, Stuart & Stuart,* for appellant.

*W. W. Bulman* and *J. A. Campbell,* for appellees.

SHERWIN, J.—The plaintiffs are dealers in fancy cat-
tle, and loaded the bull in question on one of the defend-
ant's cars for shipment to the state fair at Des Moines,
Iowa.    They allege that in making up the train at Chari-
ton, Iowa, the defendant was guilty of such negligence in
moving its cars, and the car in which the bull and other
stock was loaded, as to fatally injure the bull, from which
injuries it died a few days later.    The defendant's answer
was a general denial.

The principal ground upon which the defendant asks
a reversal is that the evidence is insufficient to sustain
the verdict of $400, which was returned for the plaintiffs.

1. RAILROADS: injury to stock in transit: damages: evidence.

There was evidence produced for the defend-
ant on the trial tending to show that the
bull had tuberculosis at the time of his death,
and the appellant also contends that there
was no warrant in the evidence for the finding of the
jury, in answer to a special interrogatory, that the bull
did not at that time have tuberculosis.    It would serve
no useful purpose to review in detail the evidence presented
by the record.    The defendant's negligence is practically
conceded, and it is also practically conceded that the plain-
tiffs were entitled to recover some amount for the loss of
the bull.    As in all cases of this kind, there was a wide
diversity of opinion among cattlemen as to the value of
the bull at the time of the injury.    Some of the witnesses
testified that his value was $1,000, and, on the other hand,

there was testimony that he was not worth to exceed $200, and, based upon the theory that he had tuberculosis, that he was not even worth that sum. The defendant does not seem to have made the claim during the trial that his death was caused by tuberculosis, but seems to have relied upon the evidence touching that question for the purpose of reducing the plaintiffs' damages. The jury was fully justified in returning the special finding that the bull did not have tuberculosis at the time of his death. The most that can be claimed for the defendant's evidence on that question is that, some five years before that, the bull may have been afflicted with the disease; but the defendant's own expert, who made a post mortem examination of the bull, testified that, while in his judgment the bull had at one time been afflicted with tuberculosis, he was not at all sure that the disease was still in his blood. He testified that the nodules that he found when he made the post mortem examination, and which indicated tuberculosis, were encysted, so that the circulation was not and could not be affected thereby. So that, whatever the bull's condition may have been five years before the post mortem examination, it was practically conclusively shown that there was no such diseased condition at the time in question. Furthermore, an expert veterinary surgeon called by the plaintiffs, who had also made a post mortem examination of the bull, testified that no indications of tuberculosis were present, and that in his judgment the bull had never been afflicted therewith; and, still further, there is no very satisfactory evidence that the bull had been so afflicted five years before. Taking all of the evidence together, therefore, the jury could not well have found otherwise than that the bull was not afflicted with tuberculosis at the time of his death. The evidence as to the value of the bull was amply sufficient to support the finding of the jury, and the verdict should not be disturbed.

The only other question discussed by counsel for ap-

pellant is the alleged misconduct of one of the jurors after the case had been submitted. The showing as to the alleged misconduct is to the effect that, after the jury had retired for deliberation, the juror Loney, in discussing the case with the other jurors, referred to some minor difficulties that he had had with the railroad company. It appears from the record, however, that what he said in the jury room was practically a repetition of what he had stated to the attorneys and the court in his *voir dire* examination as to his qualification as a juror, which was to the effect that he had theretofore had some trouble with the railroad company over the loss of some straw or hay by fire, but that it had been fairly and satisfactorily adjusted. He further stated that he had had a calf killed or injured on the railroad, but that he made no claim for it, because he did not consider the railroad company in any manner responsible for the loss. In the jury room the only additional statement made by him was to the effect that some of the section men on the railroad sometimes blocked a private crossing with a handcar, but that he did not blame the company for that. It appears from Loney's affidavit that the statements made by him in the jury room were not hostile to the railroad company, and that he had no prejudice against the company. We see nothing in the ground of the motion for a new trial which would have justified the trial court in setting aside the verdict on account thereof, or which would warrant a reversal at our hands.

2. NEW TRIAL:
misconduct
of juror.

The record in this case is unduly voluminous, but nevertheless we have given it the care which the interests of the parties require, and reach the conclusion that the judgment should be sustained.

The appellant submitted with the case a motion to strike the appellees' additional abstract, because it was not filed in time. The motion is overruled; but, as the additional abstract consists almost entirely of testimony in the

form of questions and answers, for which there is no jus-
3. COST OF ADDI-       tification at all in this case, we conclude that
TIONAL AB-
STRACT: taxa-          the plaintiff should be taxed with the cost
tion.                  of printing sixty pages of the ninety-two
pages of said abstract, and it is so ordered. The judgment
is *affirmed.*